STAN S. MALLISON (SBN 184191)
   StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (SBN 206336)
   HectorM@TheMMLawFirm.com
LILIANA GARCIA (SBN 311396)
   LGarcia@TheMMLawFirm.com
HEATHER HAMILTON (SBN 332545)
   HHamilton@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for PLAINTIFFS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELES ARIAS, LUIS VELASCO, and LUIS GARCIA, individually, and on behalf of others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>LUSAMERICA FOODS, INC (dba LUSAMERICA FISH) , and DOES ONE through TWENTY inclusive,<br><br>          Defendants. | CLASS AND COLLECTIVE ACTION COMPLAINT FOR:<br><br>1. Violation of the Federal Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*.;<br>2. Failure to Pay Minimum Wages;<br>3. Failure to Pay Overtime Wages;<br>4. Failure to Provide Rest or Pay Additional Wages in Lieu Thereof;<br>5. Failure to Provide Meal Periods or Pay Additional Wages in Lieu Thereof;<br>6. Failure to Indemnify Employees for Necessary Business Expenditures or Losses Incurred;<br>7. Failure to Maintain and Provide Accurate Itemized Employee Wage Statements and Records;<br>8. Violation of Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*.<br><br>DEMAND FOR JURY TRIAL |

# I.  **INTRODUCTION**

1.     PLAINTIFFS ANGELES ARIAS, LUIS VELASCO, and LUIS VELASCO (collectively hereafter "PLAINTIFFS") bring this action against Defendant LUSAMERICA FOODS, INC. and DOES ONE through TWENTY (collectively hereafter "LUSAMERICA"), on behalf of themselves, and all others similarly situated. The allegations made below on information and belief are likely to have evidentiary support after further opportunity for discovery and investigation.

## II.  **NATURE OF THE ACTION**

2.     This action is brought on behalf of PLAINTIFFS in four capacities: (a) individually; (b) as FRCP Rule 23 representatives of a class composed of California workers who were and are employed by LUSAMERICA in the State of California as non-exempt workers paid on an hourly basis ("Class Members") at any time during the period beginning four years prior to the filing of this Complaint through the future date of notice to the Class Members that a class has been certified in this action ("Class Period"); (c) as a Fair Labor Standards Act ("FLSA") collective action (29 U.S.C. § 216(b)); (d) as a class representative in the interest of the general public under the Unfair Competition Law ("UCL") (Cal. Business & Professions Code §§17200 *et seq.*)

3.     Violations alleged in this Complaint revolve around LUSAMERICA's systemic failure to pay its non-exempt California employees in conformance with the Fair Labor Standards Act, California Labor Code, Business and Professions Code, the applicable Wage Order, and other California statutes and caselaw.  Principally, LUSAMERICA fails to create and maintain records of actual hours worked by its employees; instead, LUSAMERICA engages in a practice of partially compensating its employees based on hours worked in the production area but failing to compensate for "non-productive" work.  From this practice, which directly results in unpaid time, are related other violations, including but not limited to recordkeeping violations, the failure to provide proper rest and meal breaks, and wage statement violations.  PLAINTIFFS and the class are owed wages, interest, and penalties as a result of LUSAMERICA's enforcement of these policies and practices that violate the Fair Labor Standards Act, California Labor Code, applicable Wage Order, and California's unfair competition law (Cal. Bus. & Prof. Code section 17200 et seq., hereinafter "UCL"), as described below.

4.     At all times relevant hereto, LUSAMERICA's unlawful policies and practices were

centrally devised and commonly applied to all Class Members.

### III.  JURISDICTION & VENUE

5.  This Court is a proper venue, since substantially all events giving rise to this lawsuit have occurred in this District, and specifically in Santa Clara County.

6.  Subject matter jurisdiction of this Court is based on the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and the supplemental jurisdiction of this Court.

7.  At all times relevant, on information and belief, the annual gross volume of sales of LUSAMERICA was not less than $500,000.00.

8.  At all times relevant, LUSAMERICA conducted business through interstate commerce such that they are covered by the Fair Labor Standards Act.

### IV.  PARTIES

**PLAINTIFFS**

9.  PLAINTIFF ANGELES ARIAS ("ARIAS") is a non-exempt, California-resident employee of LUSAMERICA during the Class Period.  PLAINTIFF ARIAS  has been employed by LUSAMERICA from approximately June 28, 2017 to March 19, 2020.  PLAINTIFF ARIAS works as a none-exempt employee for LUSAMERICA and, over the course of her employment with LUSAMERICA, has worked as in the Morgan Hill plant.  As a result of LUSAMERICA's violations of FLSA and the Labor Code, PLAINTIFFS has suffered injury-in-fact and has lost money or property as a result of LUSAMERICA's practices.  This injury-in-fact and lost money or property consists of lost wages, premium pay, and other harms provided by FLSA and the Labor Code as detailed in this Complaint.  A tally of these harms cannot readily be determined as the necessary records are held nearly exclusively in LUSAMERICA's possession, custody, and control.  However, on information and belief, this injury-in-fact amounts to hundreds of thousands, if not millions, of dollars for the Class. PLAINTIFF ARIAS, and the Class she seeks to represent, were regularly subjected to, or had personal knowledge of, the violations described in the Complaint and/or the allegations contained herein made on information and belief based upon investigation of counsel.

10.  PLAINTIFF LUIS VELASCO ("VELASCO") is a non-exempt, California-resident employee of LUSAMERICA during the Class Period.  PLAINTIFF VELACO has been employed by

LUSAMERICA from approximately June 4, 2014 to October 20, 2020.  PLAINTIFF VELASCO worked as a non-exempt employee for LUSAMERICA and, over the course of his employment with LUSAMERICA, has worked as in the Morgan Hill plant.  As a result of LUSAMERICA' violations of FLSA and the Labor Code, PLAINTIFF VELASCO has suffered injury-in-fact and has lost money or property as a result of LUSAMERICA' practices.  This injury-in-fact and lost money or property consists of lost wages, premium pay, and other harms provided by FLSA and the Labor Code as detailed in this Complaint.  A tally of these harms cannot readily be determined as the necessary records are held nearly exclusively in LUSAMERICA' possession, custody, and control.  However, on information and belief, this injury-in-fact amounts to hundreds of thousands, if not millions, of dollars for the Class. PLAINTIFF VELASCO, and the Class he seeks to represent, were regularly subjected to, or had personal knowledge of, the violations described in the Complaint and/or the allegations contained herein made on information and belief based upon investigation of counsel.

11.     PLAINTIFF LUIS GARCIA ("GARCIA") is a non-exempt, California-resident employee of LUSAMERICA during the Class Period.  PLAINTIFF GARCIA has been employed by LUSAMERICA from approximately February 2016 to February 19, 2021.  PLAINTIFF GARCIA worked as a non-exempt employee for LUSAMERICA and, over the course of his employment with LUSAMERICA, has worked as in the Morgan Hill plant.  As a result of LUSAMERICA' violations of the Labor Code, PLAINTIFF GARCIA has suffered injury-in-fact and has lost money or property as a result of LUSAMERICA' practices.  This injury-in-fact and lost money or property consists of lost wages, premium pay, and other harms provided by the Labor Code as detailed in this Complaint.  A tally of these harms cannot readily be determined as the necessary records are held nearly exclusively in LUSAMERICA' possession, custody, and control.  However, on information and belief, this injury-in-fact amounts to hundreds of thousands, if not millions, of dollars for the Class.  PLAINTIFF GARCIA, and the Class he seeks to represent, were regularly subjected to, or had personal knowledge of, the violations described in the Complaint and/or the allegations contained herein made on information and belief based upon investigation of counsel.

**DEFENDANT**

12.     Defendant LUSAMERICA is a seafood distributor company business that has been

incorporated in California and headquartered at 16480 Railroad Avenue, Morgan Hill, California (County of Santa Clara).  On information and belief, LUSAMERICA does business as LUSAMERICA FISH.  As stated on its website, LUSAMERICA is a seafood distributor to grocery stores, restaurants, food service operators of a great verity of domestic and imported seafood products.  LUSAMERICA's agent for service of process is FERNANDO LUIS FREDERICO at 16480 Railroad Avenue, Morgan Hill, California, as per its February 23, 2011, filings with the California Secretary of State.

13.    The true names and capacities, whether individual, corporate, associates, or otherwise of defendants sued herein as DOES 1 through 20, inclusive, are currently unknown to PLAINTIFFS, who therefore sue such DOES 1 through 20 by fictitious names.  PLAINTIFFS are informed and believe, and based thereon allege, that each defendant designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  PLAINTIFFS will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

14.    PLAINTIFFS are informed and believe, and based thereon allege, that each defendant acted in all respects pertinent to this action as the agent of the other defendants, carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.  "Defendants or LUSAMERICA" herein means each of the defendants as well as all of them.

15.    PLAINTIFFS are informed and believe that the LUSAMERICA is liable to PLAINTIFFS and Class Members as an "employer," as that term is defined in section 18 of the Labor Code.  As the employer of PLAINTIFFS and Class Members throughout the Class Period, LUSAMERICA is liable for the economic damages and statutory penalties owned to PLAINTIFFS and Class Members.

## V.  FACTUAL BACKGROUND

16.    As set forth below and at all times relevant hereto, LUSAMERICA's unlawful policies and practices were centrally devised and commonly applied to all Class Members, including PLAINTIFFS.

17.    This is a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure  and a Collective action pursuant to FSLA, 29 U.S.C. §216(b), to vindicate the rights afforded the class by the

4

FLSA, California Labor Code and California Business and Professions Code §§ 17200 *et seq*., and is brought on behalf of PLAINTIFFS and a Class comprised of all current and former non-exempt employees of DEFENDANTS at LUSAMERICA's facility in Morgan Hill.  PLAINTIFFS seeks recovery of wages and compensation owed for the maximum allowable period (the "Class Period"), as set forth below.

18.     The claims of this lawsuit spring from a pattern of employer misconduct and wrongdoing that is a characteristic of the labor system utilized by the packing industry as well as LUSAMERICA. LUSAMERICA fail to compensate for all "hours worked" (within the meaning of FLSA and the Wage Orders) and fail to pay overtime premium wages for work performed. This includes, but is not limited to, regular hours worked that were not compensated, regular hours that were not compensated at double the minimum wage for those that supplied their own tools, overtime hours worked that were either not compensated, or compensated at rates lower than the applicable overtime premium wage rate and/or without properly calculating the regular rate of pay for purposes of paying overtime, time spent on statutory security checks, donning and doffing, among other unpaid activities. By their conduct, LUSAMERICA make clear that they are intentionally and maliciously subverting the Federal Fair Labor Standards Act and California's minimum and overtime wage requirements, resulting in PLAINTIFFS' and the Class' loss of property that occur as a result of LUSAMERICA's payroll policies.

19.     For at least four years prior to the filing of this action and through to the present, LUSAMERICA and their subsidiaries, parents, or affiliate companies have maintained and enforced unlawful labor policies against employees that revolve around LUSAMERICA's compensation policies, their meal and rest break practices, and their record-keeping procedures.  For example, instead of recording and compensating for employees' actual hours worked, LUSAMERICA did not compensate for "non-productive time," including security checks, donning, and doffing, among others required activities.

20.     Under the meal period policies, LUSAMERICA failed to provide employees: (a) at least one (1) meal period for shifts greater than five hours and/or two (2) meal periods for shifts greater than ten hours, (b) net thirty-minute meal periods, (c) timely meal periods, and (d) off-duty meal periods. Further, LUSAMERICA's policy is to not pay the premium wages owed to workers for short, missed

and untimely meal periods. LUSAMERICA's meal policies were further impacted by COVID-19 as employees were required to go outside the premises during their meal breaks resulting in even shorter meal breaks.

21.     Under the rest break policies, LUSAMERICA failed to provide employees: (a) at least two (2) rest breaks for shifts greater than six hours, and/or three (3) rest breaks for shifts greater than ten hours, (b) net ten-minute rest breaks, (c) timely rest breaks, and (d) paid rest breaks. Further, LUSAMERICA'S policy is to not pay the premium wages owed to workers for short, missed, untimely and unpaid rest breaks. LUSAMERICA'S rest break policies were further impacted by COVID-19 as employees were required to go outside the premises during their rest breaks resulting in even shorter rest breaks.

22.     Under the reimbursement policies, LUSAMERICA failed to reimburse employees for expenses necessary to carry out their job duties, including, but not limited to, protective gear required while handling raw seafood and while in the frigid pre-stage work area.

23.     Under the record-keeping policies, LUSAMERICA willfully provide inaccurate itemized wage statements that do not reflect all "hours worked," wages earned and applicable pay rates. LUSAMERICA also failed to maintain accurate time-keeping records by failing to take into consideration "non-productive time," including security checks, donning, and doffing, among others required activities that have not been compensated by Defendant.

24.     As a result of the aforementioned violations of the Fair Labor Standards Act and Labor Code applicable Wage Order, LUSAMERICA, by way of its unlawful and unfair compensation system, has violated California Business and Professions Code section 17200 *et seq*.

25.     Owing to the preceding allegations, for at least four years prior to the filing of this action and through to the present, LUSAMERICA maintained and enforced against PLAINTIFFS and the Class Members unlawful practices and policies in violation of FLSA and California wage and hour laws, including but not limited to:

        a.   forcing Class Members, including PLAINTIFFS, to work "off the clock" time without compensation as required by law;

b.   failing to create and maintain accurate records of work periods and meal periods as required by law for Class Members, including PLAINTIFFS;

c.   failing to pay Class Members, including PLAINTIFFS, minimum and regular wages as required by law;

d.   failing to pay Class Members, including PLAINTIFFS, overtime and double-overtime when required by law;

e.   failing to reimburse Class Members, including PLAINTIFFS, for expenses incurred, including out-of-pocket expenses for the benefit of LUSAMERICA, as required by law;

f.   failing to properly provide/authorize Class Members, including PLAINTIFFS, rest periods of at least (10) minutes per four (4) hours worked, or major fraction thereof, and failing to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the rest period was not provided, in violation of California law and public policy;

g.   failing to provide proper, timely meal breaks, requiring Class Members, including PLAINTIFFS, to work at least five (5) hours without a full, thirty-minute, uninterrupted meal period, and failing to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday that the meal period was not provided, in violation of California state laws and public policy;

h.   failing to provide Class Members, including PLAINTIFFS, with accurate itemized wage statements in violation of California law and public policy;

i.   failing to pay all wages owed (i.e., wages for all "hours worked," premium rest and meal period wages, and vested vacation wages) to employees timely upon the termination of the employment relationship;

26.   On information and belief, LUSAMERICA was on notice of the improprieties alleged and/or has intentionally, deliberately, and willfully carried out these unlawful and unfair business practices.

27.     LUSAMERICA has made it difficult to account with precision for the unlawfully withheld wages due to PLAINTIFFS and the Class Members during all relevant times herein, because LUSAMERICA did not fully implement and preserve a timekeeping and record-keeping method to accurately record all hours worked, meal breaks, and wages earned by its employees as required for non-exempt employees by the Fair Labor Standards Act, California Labor Code sections 226 and 1174(d), and Industrial Welfare Commission Wage Orders.

28.     The enforcement of statutory provisions to protect workers and to ensure, for example, pay for all hours worked and proper rest and meal breaks, is a fundamental public interest. PLAINTIFFS' successful enforcement of important rights affecting the public interest will confer a significant benefit upon the general public.  Private enforcement of these rights is necessary, as no public agency has pursued enforcement.  PLAINTIFFS are incurring a financial burden in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees and costs from any recovery obtained.

## VI.   <u>CLASS ACTION ALLEGATIONS</u>

29.     PLAINTIFFS bring this action on behalf of themselves and all similarly situated workers pursuant to the Federal Rules of Civil Procedures 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.  PLAINTIFFS seek to represent the following "Class" composed of and defined as follows:

> CALIFORNIA LUSAMERICA CLASS:  All non-exempt persons who are employed or have been employed by LUSAMERICA in the State of California who, within four (4) years of the filing of this Complaint.

30.     Plaintiffs reserve the right under to amend or modify the class description with greater specificity to further divide into subclasses or to limit to particular issues.

31.     Plaintiffs also seek to represent the following opt-in FLSA Collective:

> CALIFORNIA FLSA COLLECTIVE:  All non-exempt persons who are employed or have been employed by LUSAMERICA in the State of

California who, within three (3) years of the filing of this Complaint.

32.     On information and belief, the legal and factual issues implicated by this Complaint are common to the Class and affect all Class Members.  PLAINTIFFS reserve the right to amend or modify the class description with great specificity or further division into subclasses or limitation to particular issues.

## A.  **Numerosity**

33.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members have not been determined at this time, PLAINTIFFS are informed and believe that LUSAMERICA has employed hundreds of non-exempt employees in the State of California during the Class Period and who are, or have been, affected by LUSAMERICA's unlawful practices as alleged herein.

34.     Upon information and belief, PLAINTIFFS allege that LUSAMERICA's employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

## B.  **Commonality**

35.     There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

    a.   Whether LUSAMERICA violated the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. by failing to pay overtime compensation to PLAINTIFFS;

    b.   Whether LUSAMERICA violated the California Labor Code and applicable Wage Order by not compensating PLAINTIFFS and other Class Members for all hours worked;

    c.   Whether LUSAMERICA violated the California Labor Code and applicable Wage Order by not compensating PLAINTIFFS and other Class Members at hourly wage rates above the minimum wage rate for all hours worked;

d. Whether LUSAMERICA violated the California Labor Code and applicable Wage Order by not compensating PLAINTIFFS and other Class Members for owed premium hours (i.e., overtime and double-overtime);

e. Whether LUSAMERICA violated the California Labor Code, Wage Orders, or public policy by failing to provide daily compliant rest periods to PLAINTIFFS and the other Class Members for every four hours or major fraction thereof worked and failing to compensate said employees one hours of additional wages in lieu of each rest period denied;

f. Whether LUSAMERICA violated the California Labor Code, Wage Orders, or public policy by failing to provide compliant meal period to PLAINTIFFS and the other Class Members on days they worked shifts in excess of five hours and failing to compensate said employees one hour of additional wages in lieu of each meal period denied, short, or untimely,

g. Whether LUSAMERICA violated the California Labor Code and applicable Wage Order by failing to create and maintain accurate records of work periods and meal periods for Class Members, including PLAINTIFFS;

h. Whether LUSAMERICA violated the California Labor Code by failing to compensate Class Members, including PLAINTIFFS, for all necessary expenses; and

i. Whether LUSAMERICA committed unfair or unlawful business practices in violation of section 17200 *et seq*. of the Business and Professions Code.

### C.  Typicality

36.    The claims of the named PLAINTIFFS are typical of the claims of the Class Members. PLAINTIFFS and all Members of the Class sustained injuries and damages arising out of and caused by LUSAMERICA'S common course of conduct in violation of Federal and California laws, regulations, and public policy as alleged herein.

### D.  Adequacy of Representation

37.     PLAINTIFFS will fairly and adequately represent and protect the interests of the Members of the Class.  Counsel who represent PLAINTIFFS are competent and experienced in litigating large employment class actions.

### E.  Superiority of Class Action

38.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of LUSAMERICA'S unlawful policy and/or practice of failing to compensate Class Members for the unlawful practices herein complained of.

39.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. PLAINTIFFS are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VII.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FEDERAL CLAIM
### FAILURE TO PAY OVERTIME WAGES
(29 U.S.C. §§ 207, 216(b), AND 255(a))

(PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CLASS AGAINST ALL DEFENDANTS)

40.     PLAINTIFFS incorporates all preceding paragraphs as though fully set forth herein.

41.     At all relevant times herein, PLAINTIFFS' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq.*

42.     DEFENDANTS are engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

43.     DEFENDANTS routinely require and/or suffered or permitted PLAINTIFFS, including Opt-In Consenters and similarly situated workers, to work more than 40 hours per week, and routinely without paying them any overtime premium for hours worked in excess of 40 hours per week.

44.     In failing to pay PLAINTIFFS, including Opt-In Consenters and similarly situated

11

workers, overtime wages at one-and-one-half times their regular rate of pay, DEFENDANTS willfully violated the FLSA.

45.     As a direct and proximate result of DEFENDANTS' failure to pay proper wages under the FLSA, PLAINTIFFS, including Opt-In Consenters and similarly situated workers, incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

46.     DEFENDANTS intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay PLAINTIFFS, including Opt-In Consenters and similarly situated workers and similarly situated workers, their proper wages, and thus DEFENDANTS are liable to PLAINTIFFS, including Opt-In Consenters and similarly situated workers, for liquidated damages in an amount equal to their lost wages over a three year statute of limitations plus tolling from other class actions pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA. PLAINTIFFS, including Opt-In Consenters and similarly situated workers, were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to the FLSA. As a result, DEFENDANT LUSAMERICA is liable for all legally available remedies including those aforementioned in this Complaint.

## SECOND CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGES
(CALIFORNIA LABOR CODE §§ 1194, 1194.2, 1197, WAGE ORDER 8 AND OTHERS)

(PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CLASS AGAINST ALL DEFENDANTS)

47.     PLAINTIFFS incorporates all preceding paragraphs as though fully set forth herein.

48.     LUSAMERICA failed to pay minimum wage for "all hours worked."  For example, PLAINTIFFS and the Class Members were forced to work "off the clock" time without compensation. Additionally, LUSAMERICA failed to pay for security checks, donning and doffing, among other required tasks.

49.     The LUSAMERICA failed to pay minimum wages for "all hours worked."  In particular, PLAINTIFFS and the Class Members were required to work "off the clock" by, for example, having to arrive early at LUSAMERICA'S facilities and submit to a required security check, and then don their protective gear prior to clocking in for their shift.  Similarly, PLAINTIFFS and the Class Members, were

required to clock out before doffing their protective gear and submitting to a security check before they were allowed to exit LUSAMERICA'S facilities.  PLAINTIFFS and the Class Members were also subjected to this "off the clock" donning and doffing during their meal period. As a result, LUSAMERICA failed to pay for all hours PLAINTIFFS and the Class were under their direction and control.

50.      As a result of LUSAMERICA'S violations of the minimum wage, by failing to record and pay minimum wage for all hours worked, LUSAMERICA violated California Labor Code § 226(a), inaccurately stating gross wages earned, total hours work, deductions, net wages and other issues as described above.

51.      LUSAMERICA has the ability to pay minimum wages for all time worked but have willfully refused to pay such wages, intending to secure instead a discount upon their indebtedness to Plaintiffs and the Class for all hours worked, and intending to annoy harass, oppress, hinder delay or defraud Plaintiffs and the Class, in violation of California Labor Code § 226.6.

52.      California Labor Code § 226.6 states:

> Any employer who knowingly and intentionally violates the provisions of Section 226 or 226.2, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 or 226.2 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court.  That fine or imprisonment, or both, shall be in addition to any other penalty provided by law.

53.      LUSAMERICA' violation of § 226 also constitutes a misdemeanor, pursuant to §226.6, a predicate violation of California Business & Profession Code §§ 17200 *et seq.*, and a predicate violation of Labor Code §2699.

54.      The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code § 1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

55.  California Labor Code § 558.1 states:

(a)  Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violations.

(b)  For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of the Section 3294 of the Civil Code.

(c)  Nothing in this section shall be construed to limit the definition of employer under existing law.

56.  LUSAMERICA and DOES 1 through 20 are liable as the employer for failure to pay minimum wages as alleged herein.

57.  As described herein, this is an action under California Labor Code § 1194 to recover wages on account of LUSAMERICA'S failure to pay minimum wages as described in California Labor Code §§ 1197, 1194(a), 1194.2 and any applicable wage orders, including IWC Order. Therefore, Plaintiffs and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

58.  WHEREFORE, Plaintiff and the Class Members request relief as described herein and below.

59.  Absent a local minimum wage ordinance, the applicable minimum wages fixed by the commission for products after harvest industry is found in the applicable Wage Orders, with Section 4(A) amended and republished by the Department of Industrial Relations to account for changes in state minimum wage requirements.

60.  The minimum wage provision of the California Labor Code is enforceable by private civil action pursuant to section 1194(a), which provides a private right of action to recover the unpaid balance

of the full amount of minimum wage or overtime compensation and recovery of attorney fees and costs.

61.     Labor Code section 1194.2 provides for recovery of "liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon" in suits brought under section 1194.

62.     LUSAMERICA have the ability to pay minimum wages for all hours worked and have willfully refused to pay such wages with the intent to secure for themselves a discount upon this indebtedness and with the intent to annoy, harass, oppress, hinder, delay, or defraud PLAINTIFFS and the Class and have, therefore, also violated Labor Code section 226(a).

63.     As a result of LUSAMERICA'S violations of the minimum wage by failing to record and pay minimum wages for all hours worked, LUSAMERICA violated section 226(a) by inaccurately stating gross wages earned, total hours worked, deductions, net wages, and other issues as described herein.  LUSAMERICA have also violated Labor Code section 226.6 and Wage Orders.

64.     In sum, PLAINTIFFS, individually and on behalf of the Class, may bring this action for minimum wages, interest, cost of suit, and attorney fees pursuant to section 1194(a) and the UCL.

65.     WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid minimum wages, liquidated damages in the amount equal to the minimum wages withheld, interest, costs, and attorney fees.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY OVERTIME WAGES
(CALIFORNIA LABOR CODE §§ 510, 1194, 1194.2, AND WAGE ORDERS 8 AND OTHERS)

(PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CLASS AGAINST ALL LUSAMERICA)

66.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

67.     Labor Code section 510(a) provides for overtime for work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week.  It also provides for double-time pay for work in excess of twelve hours in a workday, overtime pay for the first eight hours of work on the seventh day of a workweek, and double-time pay for work on the seventh day beyond the first eight hours. The same standards are set forth in Section 3(A) of Wage Order 8-2001.

68.     As described herein, LUSAMERICA violated Labor Code section 510 and Wage Order

8-2001 by employing PLAINTIFFS and Class Members in excess of eight hours in one day, 40 hours in a workweek, and on the seventh day of a workweek without overtime pay.  LUSAMERICA also violated section 510 and the applicable Wage Orders by employing PLAINTIFFS and Class Members greater than eight hours on the seventh day of work and in excess of twelve hours in a day without double-time pay.

69.     PLAINTIFFS, individually and on behalf of the Class, may bring this action for overtime wages, interest, cost of suit, and attorney fees pursuant to section 1194(a).

70.     WHEREFORE, PLAINTIFFS and the Class Members are entitled to recover the unpaid overtime wages, interest, costs, and attorney fees.

### FOURTH CAUSE OF ACTION
### PROVIDE REST PERIODS OR PAY ADDITIONAL WAGES IN LIEU THEREOF
(CALIFORNIA LABOR CODE § 226.7 AND WAGE ORDER 5-2001)

<u>(PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CLASS AGAINST ALL LUSAMERICA)</u>

71.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

72.     LUSAMERICA did not authorize or permit PLAINTIFFS and the Class to take all required rest periods.  PLAINTIFFS and the Class routinely worked and work four-hour periods during the day without rest periods or compensation in lieu thereof.  Defendant's employment practices did not provide for rest periods as mandated by California law.

73.     California Labor Code section 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

74.     The applicable wage order issued by the Industrial Welfare Commission is Wage Order 8-2001, which states at Section 12 with regard to rest periods:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

75.     LUSAMERICA violated California law by failing to provide rest periods mandated by Labor Code section 226.7 and Wage Order 8 and by failing to provide one hour pay at the employees' regular rate of compensation for each workday that a required complete and timely rest period was not provided.

76.     PLAINTIFFS and the Class Members did not voluntarily or willfully waive rest periods. Any express or implied waivers obtained from PLAINTIFFS and Class Members were not willfully obtained, was not voluntarily agreed to, was a condition of employment, or part of a contract of an unlawful adhesion.

77.     By failing to keep adequate time records required by Labor Code sections 226, 1174 and the applicable Wage Orders, LUSAMERICA have made it difficult to calculate the unpaid rest period compensation due PLAINTIFFS and the Class Members.  As a consequence, PLAINTIFFS and the Class Members may be entitled to prove their damages to this claim by just and reasonable inference.

78.     As a result of the unlawful acts of Defendant, PLAINTIFFS and the Class Members have been deprived of premium wages in amounts to be determined at trial and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney fees, and costs, under Labor Code sections 226.7, 1194, other statutes, and Wage Order 8.

79.     WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid rest break premiums, interest, costs, and attorney fees.

### FIFTH CAUSE OF ACTION

**FAILURE TO PROVIDE MEAL PERIODS OR PAY ADDITIONAL WAGES IN LIEU THEREOF**
(CALIFORNIA LABOR CODE §§ 226.7, 512, AND WAGE ORDER 8 AND OTHERS)

(PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CLASS AGAINST ALL LUSAMERICA)

80.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

81.     PLAINTIFFS and the Class Members were not afforded complete and/or timely meal periods as required by California law, since they were routinely required to don and doff and sanitize, before clocking back in for work, and were required to work more than five hours before a meal period and/or work more than ten hours without a second meal period.

82.     California Labor Code section 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

83.     The applicable wage order issued by the Industrial Welfare Commission is Wage Order 8-2001.  Section 11 of Wage Order 8-2001 states with regards to meal periods:

(A)     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(B)     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall

18

pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

84.     A similar provision is contained in Labor Code section 512, which states:

(a)     An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

85.     In this case, there was no mutual waiver of meal periods and employees worked for periods of more than five hours without an off-duty meal period of at least 30 minutes.  Any express or implied waivers obtained from PLAINTIFFS and the Class Members was not willfully obtained, was not voluntarily agreed to, was a condition of employment, or part of a contract of an unlawful adhesion. Therefore, as noted above, LUSAMERICA violated Labor Code sections 226.7, 512, and Wage.  As such, LUSAMERICA are liable for one hour of pay at each respective employee's regular rate of compensation for each workday that meal periods were not provided.

86.     By failing to keep adequate time records required by Labor Code sections 1174 and the Wage Order, LUSAMERICA made it difficult to calculate the unpaid meal period compensation due PLAINTIFFS and the Class.  As a consequence, PLAINTIFFS and the Class may be entitled to prove their damages to this claim by just and reasonable inference.

87.     As a result of the unlawful acts of Defendant, PLAINTIFFS and the Class have been deprived of premium wages in amounts to be determined at trial and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney fees, and costs, under Labor Code sections 226.7, 1194, other statutes, and Wage Order 8.

88.     WHEREFORE, PLAINTIFFS and the Class are entitled to recover the unpaid meal break premiums, interest, costs, and attorney fees.

//

**SIXTH CAUSE OF ACTION**
**FAILURE TO INDEMNIFY EMPLOYEES FOR ALL**
**NECESSARY EXPENDITURES OR LOSSES INCURRED**
(CAL. LABOR CODE §§2802, 558.1 AND WAGE ORDERS 8 AND OTHERS)

(ALL PLAINTIFFS AGAINST EMPLOYER LUSAMERICA AND DOES 1 THROUGH 20)

39.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

40.     Labor Code § 2802 and Wage Orders No. 8 and others require LUSAMERICA to indemnify PLAINTIFFS and the Class for all necessary expenditures or losses incurred by these employees in direct consequence of the discharge of his or her duties.

41.     LUSAMERICA failed to reimburse Class Members, including PLAINTIFFS, for protective gear and gloves for use while handling raw seafood, protective clothing required while working frigid pre-stage work area, and/or knife sharpening tools, and further failed to indemnify PLAINTIFFS and the Class Members for all necessary expenditures and losses incurred by PLAINTIFFS and the Class Members for the benefit of LUSAMERICA and to their detriment. LUSAMERICA did not reimburse PLAINTIFFS and the Class Members for said expenses.

42.     As a direct and proximate cause of LUSAMERICA'S failure to indemnify employees, PLAINTIFFS and the Class Members incurred out of pocket expenses and suffered a loss of wages in an amount to be proven at trial.  EMPLOYER LUSAMERICA and LUSAMERICA DOES 1 through 20 are liable as the employer for failure to comply with §§ 2802 as alleged herein.

43.     WHEREFORE, PLAINTIFF and the Class Members request relief as described herein and below.

**SEVENTH CAUSE OF ACTION**
**FAILURE TO MAINTAIN AND PROVIDE ACCURATE ITEMIZED EMPLOYEE WAGE**
**STATEMENTS AND RECORDS**
(CALIFORNIA LABOR CODE §§ 226, 1174, 1175, AND WAGE ORDER 8 AND OTHERS)

(PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CLASS AGAINST ALL
LUSAMERICA)

89.     PLAINTIFFS incorporates all preceding paragraphs as though fully set forth herein.

90.     California Labor Code section 226(a) states:

(a) An employer, semimonthly or at the time of each payment of wages,
shall furnish to his or her employee, either as a detachable part of the check,

20

draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), . . . (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, . . . (8) the name and address of the legal entity that is the employer . . . and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee . . . .

91.     LUSAMERICA failed to provide "accurate itemized statements" to PLAINTIFFS and the Class, because the wage statements: 1) 1)falsely understated the gross wages earned;2) falsely stated or omitted total hours worked;3) falsely understated net wages earned;

92.     California Labor Code section 226(e) and (g) provide for the remedy for the violations described above:

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section and is entitled to an award of costs and reasonable attorney's fees.

93.     By failing to keep adequate time records required by sections 226 and 1174 (d) of the Labor Code, LUSAMERICA has made it difficult to calculate the unpaid hours and premiums due and the applicable hourly rates of pay for said hours and premiums, and PLAINTIFFS and the Class are entitled to up to $4,000.00 in penalties each.

94.     WHEREFORE, PLAINTIFFS and the Class they seek to represent are entitled to damages in an amount to be determined at trial, not to exceed $4,000 per employee, cost of suit, attorney fees, and injunctive relief.

## EIGHTH CAUSE OF ACTION

**VIOLATION OF UNFAIR COMPETITION LAW**
(CALIFORNIA BUS. & PROF. CODE 17200 ET SEQ.)

<u>(PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF THE CLASS AGAINST ALL</u>

<u>LUSAMERICA)</u>

95.     PLAINTIFFS incorporate all preceding paragraphs as though fully set forth herein.

96.     By their policies and practices described above, LUSAMERICA engaged in unlawful activity prohibited by Business and Professions Code sections 17200 et seq.  LUSAMERICA'S actions as alleged within this Complaint constitute unlawful and unfair business practices, within the meaning of Business and Professions Code sections 17200 et seq, and PLAINTIFFS and similarly situated employee Class members have suffered injury and have lost money or property as a result of LUSAMERICA' failure to comply with well-established labor laws.

97.     As a result of their unlawful acts, LUSAMERICA reaped and continue to reap unfair benefits and unlawful profits at the expense of PLAINTIFFS and the Class.  LUSAMERICA should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to PLAINTIFFS and the Class the wrongfully withheld wages pursuant to Business and Professions Code section 17203. PLAINTIFFS is informed and believes and thereon alleges that LUSAMERICA have been unjustly enriched through these unlawful practices.

98.     The unlawful conduct alleged herein is continuing, and there is no indication that LUSAMERICA will not continue such activity in the future.   PLAINTIFFS alleges that if LUSAMERICA are not enjoined from the conduct set forth in this Complaint, LUSAMERICA will continue these violations.   As a direct and proximate result of the unfair business practices of LUSAMERICA, PLAINTIFFS and the Class are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages which have been unlawfully withheld from PLAINTIFFS and the Class as a result of the business acts and practices described herein and enjoining LUSAMERICA to cease and desist from engaging in the practices described herein for the maximum time permitted pursuant to Business and Professions Code section 17208 including any tolling.

99.     WHEREFORE, PLAINTIFFS for themselves and the Class they seek to represent request injunctive, declaratory, and restitutionary relief as described herein and below.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1.     That the Court determine that this action may be maintained as a class and collective action with the named PLAINTIFFS appointed as Class Representatives;

2.     For the attorneys appearing on the above caption to be named Class Counsel;

3.     For compensatory damages in an amount according to proof with interest thereon;

4.     For economic and/or special damages in an amount according to proof with interest thereon;

5.     For a declaratory judgment that LUSAMERICA violated the rights of PLAINTIFFS and Class Members under FLSA, the California Labor Code, and California Business and Professions Code, as set forth in the preceding paragraphs;

6.     That LUSAMERICA be found to have engaged in unfair competition in violation of section 17200 of the Business and Professions Code;

7.     That LUSAMERICA be ordered and enjoined to make restitution to PLAINTIFFS and the Class due to their unfair competition, including disgorgement of their wrongfully-obtained revenues, earnings, profits, compensation, and benefits pursuant to Business and Professions Code section 17203 and 17204;

8.     That LUSAMERICA be enjoined from continuing the unlawful course of conduct alleged herein;

9.     For declaratory and injunctive relief to PLAINTIFFS and the Class Members;

10.    For premium pay and penalties to PLAINTIFFS and the Class Members;

11.    For wages and premium wages to PLAINTIFFS and the Class Members;

12.    For attorney fees, interest, and costs of suit;

13.    For liquidated damages for failure to pay minimum wages to PLAINTIFFS and the Class Members;

14.    For liquidated damages for failure to pay overtime wages to PLAINTIFFS and the Class Members;

15.    For reimbursement of necessary expenditures to PLAINTIFFS and the Class Members

23

1    and attorney fees;

2    16.    For such other and further relief as the Court deems just and proper.

3    <u>**DEMAND FOR JURY TRIAL**</u>

4    PLAINTIFFS hereby demand trial of their claims and of the Class Members by jury to the extent

5    authorized by law.

6

7

8    Dated:  May 14, 2021                                Respectfully submitted,

     MALLISON & MARTINEZ

9

10                                                       /s/ Hector R. Martinez

11                                                       Stan S. Mallison
                                                         Hector R. Martinez
12                                                       Liliana Garcia
                                                         Attorneys for PLAINTIFFS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL